### *PATTIN ABADIE*, vs. *POYDRAS.*

The imputation of a payment, is by law made to the most onerous debt.

APPEAL from the court of the fourth district.

MATTHEWS, J. delivered the opinion of the court. In this case the plaintiff obtained an injunction to stay proceedings on an order of seizure which the defendant had caused to be issued against certain slaves mortgaged to him in the year 1814, to secure a debt due from the former, which in 1816 amounted to the sum of $5699 57 3-4 cents, according to a settlement of accounts which took place between the defendant in the injunction, and the husband of the plaintiff. The cause was submitted to a jury in the court below, who found a verdict for the plaintiff, and judgment being rendered in pursuance thereof, the defendant appealed.

The evidence of the case shews that the appellee executed the mortgage on which the order of seizure was granted; that the debt which it was intended to secure was taken into the estimate of accounts between the ap-

plicant and the plaintiffs' husband, in a settle- Eastern Dist. May, 1827.
ment made on the 26th of March, 1816, at
which time a payment was made by the latter, PATTIN ABI- DIE, vs. POYDRAS.
amounting to $4362 87 1-2 cents, with the
funds of the appellee's wife. According to
the statement then made, the whole amount
due by Abidie and wife to the defendant, was
$8949 95 1-4 cents. Subsequent to this ar-
rangement, viz: in the year 1823, the plaintiff
sued for and obtained a seperation of property
from her husband; and in rendering judgment
in that case, the sum which had been previ-
ously paid over to the appellant by her hus-
band was included, estimated at 5000 dollars.
These are the principal facts in the case, and
those alone worthy of consideration on its de-
cision. From them, two questions arise; the
first relates to the imputation of the payment
made on account in 1816; the second, to the
effect on the rights of the appellee, which her
claim and consequent judgment against her
husband, can have.

Admitting that the debt owing by the ap-
pellee and secured by the mortgage on which
the seizure was obtained, forms the first item
in the account, as regulated and settled be-
tween the husband and the appellant: and that

Eastern Dist. the payment made on that occasion, was with
*May*, 1827. the funds of the mortgager: no doubt can be

PATTIN ABI-
DIE, entertained of its legal imputation, in the ab-
*vs*
POYDRAS. sence of any positive stipulation in relation to
its appropriation. Had the debts, as stated in
that account, been those of the husband alone,
and he had used the funds of his wife in pay-
ment, the doctrine of imputation of payments
would have found no place in the present ac-
tion. But it appears that the separate debt of
his wife, joint debts of husband and wife, and
those perhaps of the husband alone, were al-
so blended together in the adjustment of that
account. The payment must therefore be
considered in relation to all the items; and as
it was not specified, which the parties to the
settlement intended to extinguish, it should be
imputed according to the provisions of law
made for such cases, and which are found in
the old code, 290, art. 156. The debt due on
the mortgage was certainly the most onerous
in the catalogue of settlement; and in dis-
charge of it, the sum paid ought legally to be
imputed. By the payment it was extinguish-
ed *pro tanto*, and could never afterwards be
revived, unless by express consent of the ori-
ginal contracting parties.

If this proposition be true, it solves the se- cond question in the case, which has relation to the effect produced by the judgment ob- tained against the husband by his wife in her suit for seperation of property. In that judgment, she had probably no right to be considered as a creditor for the amount of funds which her husband had received, as belonging to her, coming from the succession of her mother, for the sum thus received had been previously appropriated to the payment of a debt which she justly owed. But that it had been so appropriated, there is no evidence to shew that she had any knowledge. It was the duty of her husband in that action to have shewn the use which he had made of the funds in defence of the claims set up against him; and if his wife's claim and his acquiescence were productive of fraud, it affects all his creditors, and not the defendant in particular; certainly not in such a manner as to revive a debt which had been long before extinguished by payment.

But the amount paid was not equal to the hypothecary debt, which was, with interest calculated at the time of payment, 5699 dollars 57 3-4 cents, when the whole sum paid

Eastern Dist.
May, 1827.

PATTIN ABI-
DIE,
vs
PHYDRAS.

was only **4362** dollars **87 1-2** cents. The mortgage by which the sum of **5181** dollars **43** cents is secured, contains no stipulation for the payment of interest; and the defendant in the present suit, in his petition to obtain an order of seizure, claimed only **4587** dollars **7 1-2** cents, being the balance due on said mortgage. after deducting **1112** dollars **50** cents, a surplus which remained out of the payment made in 1816, according to the imputation contended for by the appellant. That payment must, however, as we have already expressed our opinion, be imputed, *in toto*, to the extinguishment of the debt due on the mortgage, being **5181** dollars **43 1-2** cents, from which deducting the total amount paid, **4362** dollars **87 1-2** cents, a balance remains due to the mortgage creditor, amounting to **877** dollars **56** cents; and as to this last sum, the proceedings on the order of seizure are improperly enjoined.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be avoided, reversed and annulled. And it is further ordered, adjudged and decreed, that the injunction obtained in the present case be dissolved, so far as it relates to the sum of seven hundred and seventeen dollars and fifty-

six cents, and that it remain and be made per-
petual for the sum of four thousand three hun-
dred and sixty-two dollars eighty-seven and a
half cents, being part of the whole sum claim-
ed by the present applicant and defendant in
his petition for the order of seizure.   And that
the appellee pay the costs of this appeal, the
appellant paying those of the court below.

*Derbigny* for the plaintiff, *Cuvillier* and
*Seghers* for the defendant.